# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DENNIS VAN JENKINS                                                                               PETITIONER

v.                                    NO. 5:05CV00145 GH/HDY

LARRY NORRIS, Director,                                                                          RESPONDENT
Arkansas Department of
Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge George Howard, Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, Arkansas 72201-3325

DISPOSITION

The proceeding at bar was commenced on May 16, 2005, when counsel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 on behalf of petitioner Dennis Van Jenkins ("Jenkins"). The five dollar filing fee was paid, but no summons was issued. On May 27, 2005, the Court ordered counsel to serve a copy of the petition and the May 27, 2005, order on respondent Larry Norris ("Norris").

Seventy-five days came and went without any activity in this proceeding. The record contained nothing to reflect that counsel ever served Norris with a copy of the petition and the May 27, 2005, order. The record specifically contained no return of service, no affidavit of service, no answer from Norris, or anything to indicate that counsel ever served Norris as ordered. On August 11, 2005, the Court again ordered counsel to serve Norris. Counsel was ordered to serve Norris with a copy of the petition and the August 11, 2005, order. Counsel was ordered to do so by the close of business on September 10, 2005, and was ordered to make that fact known by filing an affidavit of service. Counsel was cautioned that in the event Norris was not served by the close of business on September 10, 2005, the Court would consider dismissing the petition.

September 10, 2005, has now come and gone without any indication that counsel has served Norris as ordered. Specifically, the record contains no return of service, no affidavit of service, no answer from Norris, or anything to indicate that counsel served Norris as ordered.

The Court has given careful consideration to how to proceed in light of counsel's failure to serve Norris as ordered. An examination of the record does not reveal a proceeding in which Jenkins is aggressively litigating his claim but simply missed one deadline. Instead, the record reveals virtually no activity of any sort. The Court therefore finds that the dismissal of Jenkins' petition is warranted.

On the basis of the foregoing, the undersigned recommends that Jenkins' petition be dismissed. The dismissal of his petition should be without prejudice.

DATED this ___15_____ day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE